UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY HOUSING INC., <br>        Plaintiff, <br>   v. <br> MARY ROBINSON, and DOES 1-3, <br>        Defendants. | No. 2:15-cv-02643-GEB-CKD <br><br> ***SUA SPONTE* REMAND ORDER**[*] |

        On December 22, 2015, Defendant Mary Robinson filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of San Joaquin. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of San Joaquin for lack of subject matter jurisdiction.

        "There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

1  be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must -
2  remand an action *sua sponte* if it determines that it lacks
3  subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985
4  MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012)
5  (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.,
6  346 F.3d 1190, 1192 (9th Cir. 2003)).

7  Defendant asserts in the Notice of Removal ("NOR") that
8  federal question removal jurisdiction exists. (NOR ¶ 5-14.)
9  Defendant contends "Plaintiff was required to state a cause of
10 action under the [Protecting Tenants at Foreclosure Act
11 ("PTFA")], but sought to avoid those protections by filing this
12 action as an 'Unlawful Detainer' by artful pleadings in State
13 Court." (Id. at ¶ 7.) Defendant further argues that "the PTFA is
14 essential to the right of possession, . . . [and] Plaintiff
15 cannot defeat removal by omitting [a] necessary federal question
16 of law." (Id. ¶ 10.)

17 However, review of the Complaint reveals Plaintiff
18 alleges a single claim for unlawful detainer under California
19 law, and "[a]s a general rule, . . . a case will not be removable
20 if the complaint does not affirmatively allege a federal claim."
21 Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "The
22 presence or absence of federal-question jurisdiction is governed
23 by the 'well-pleaded complaint rule,' which provides that federal
24 jurisdiction exists only when a federal question is presented on
25 the face of the plaintiff's properly pleaded complaint." Retail
26 Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768
27 F.3d 938, 947 (9th Cir. 2014) (internal quotation marks omitted)
28 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).

1  "Moreover, 'it is well established that [the] plaintiff is the
2  master of [its] complaint and can plead to avoid federal
3  jurisdiction.'" Goraya v. Martinez, No. 2:15-cv-2375-JAM-KJN,
4  2015 WL 7281611, at *2 (E.D. Cal. Nov. 17, 2015) (quoting
5  Loowdermilk v. U.S. First Nat'l Ass'n, 479 F.3d 994, 998-99 (9th
6  Cir. 2007), overruled on other grounds, Rodriguez v. AT & T
7  Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013))
8  (remanding unlawful detainer action *sua sponte*).
9      For the stated reasons, this case is remanded to the
10 Superior Court of California for the County of San Joaquin.
11 Dated:  January 4, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge